```
File No. 25-20-678
Floyd G. Cottrell, Esq./009391985
```
**COTTRELL SOLENSKY, P.A.**
Three University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (976) 643-1400
Fax: (973) 643-1900
*Attorneys for Defendant Walmart Inc.*

| | |
|---|---|
| DIANA CAROLINA GARCIA-RIASCOS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WALMART INC., JOHNS DOES 1-10 (representing presently unidentified person or person with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified enetities or entities with regard to which negligence is not presently suspected), ET AL.,<br><br>　　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – HUDSON COUNTY<br><br>DOCKET NO. HUD-L-2886-21<br><br>Civil Action<br><br><br><br>**PETITION FOR REMOVAL** |

Removing Defendant Walmart Inc. ("Defendant"), upon information and belief, states as follows:

1. On or about July 21, 2021, Plaintiff Diana Carolina Garcia-Riascos commenced an action against the removing Defendant in the Superior Court of New Jersey, County of Hudson, bearing Docket Number HUD-L-2886-21. A copy of the Complaint is annexed hereto as **Exhibit A**.

2. Plaintiff is a resident of the State of New Jersey. (See Exhibit A, Complaint).

3. Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

4. Defendant was served with Plaintiff's Complaint less than 30 days ago.

5. Upon information and belief, the amount in controversy is more than $75,000.00.

6. Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332, and Defendant is entitled to removal of this action pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446.

                **COTTRELL SOLENSKY, P.A.**
                *Attorneys for Defendant Walmart Inc.*

By: _____
      Floyd G. Cottrell, Esq.
      (973) 643-1400 x13
      fcottrell@cs-njnylawfirm.com

Dated: August 16, 2021

EXHIBIT A

EICHEN CRUTCHLOW ZASLOW, LLP
By: Joseph M. Marabondo, Esq. ID#: 098942014
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff(s)

| | |
|---|---|
| DIANA CAROLINA GARCIA-RIASCOS,<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), ET AL.,<br><br>Defendant(s). | SUPERIOR COURT OF NEWE JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br><br>DOCKET №.: L-<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, DEMAND FOR INTERROGATORIES, NOTICE TO PRODUCE** |

The plaintiff, Diana Carolina Garcia-Riascos, residing in North Bergen, County of Hudson, and State of New Jersey, complaining of the defendants, say:

### FIRST COUNT

1. On or about the 1st day of November, 2020, the plaintiff was a business invitee legally and lawfully attempting to walk on premises owned, operated, controlled and maintained by the defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), located at 1050 W. Edgar Road, City of Linden, County of Union and State of New Jersey.

2. As a direct and proximate result of the negligence of the defendants in the manner in which the said premises was constructed, maintained, repaired and supervised, the plaintiff was caused to fall and suffer injuries; she was caused to suffer great pain and will be caused to suffer great pain in the future; she was caused to incur medical expenses and will be caused to incur medical expenses in the future; and she was caused to suffer permanent injury.

WHEREFORE, the plaintiff, Diana Carolina Garcia-Riascos, demands judgment against the defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), jointly, severally or in the alternative.

## SECOND COUNT

1. The plaintiff, Diana Carolina Garcia-Riascos, repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. Defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), were negligent in the manner in which the said premises were constructed, maintained, repaired and supervised.

3. As a direct and proximate result of the negligence of defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected),, the plaintiff was

caused to fall and suffer injuries; she was caused to suffer great pain and will be caused to suffer great pain in the future; she was caused to incur medical expenses and will be caused to incur medical expenses in the future; and she was caused to suffer permanent injury.

WHEREFORE, the plaintiff, Diana Carolina Garcia-Riascos, demands judgment against the defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), jointly, severally and/or in the alternative.

### THIRD COUNT

1. The plaintiff, Diana Carolina Garcia-Riascos, repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. The plaintiff herein alleges that there was a breach of regulations that constitutes a statutory tort.

WHEREFORE, the plaintiff, Diana Carolina Garcia-Riascos, demands judgment against the defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), (names unknown), jointly, severally or in the alternative.

### FOURTH COUNT

1. The plaintiff, Diana Carolina Garcia-Riascos, repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. Defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC

CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), were negligent in fulfilling and executing agreements and circumstances to allow Plaintiff be safely transported.

3. As a direct and proximate result of the negligence of defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected),, the plaintiff was caused to fall and suffer injuries; she was caused to suffer great pain and will be caused to suffer great pain in the future; she was caused to incur medical expenses and will be caused to incur medical expenses in the future; and she was caused to suffer permanent injury.

WHEREFORE, the plaintiff, Ruth Ramos, demands judgment against the defendants, WALMART INC., JOHN DOES 1-10 (representing presently unidentified person or persons with regard to whom negligence is not presently suspected), ABC CORPS., 1-10 (representing presently unidentified entities or entities with regard to which negligence is not presently suspected), jointly, severally and/or in the alternative.

## JURY DEMAND

PLEASE TAKE NOTICE that the plaintiff pursuant to R. 4:35-1 demands a Trial by Jury as to all issues.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other suit presently pending in any other Court or in any American Arbitration proceedings. At this time, I know of no other parties not named herein that should be joined.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1, the plaintiff hereby demands answers to Uniform Interrogatories Form C & C(2) Personal Injury Interrogatories along with the attached supplemental set of all defendants within the time prescribed by the Rules of the Court.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses,

corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all contracts between any of the parties involved in the incident in question.

7. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.

8. Copies of any and all permits applied for by the parties to the action in question concerning each the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

9. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

10. Copies of any and all discovery received from any other parties to the action in question.

11. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

12. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

### REQUEST FOR PERMISSION TO VIEW PREMISES

Plaintiff hereby demand, pursuant to R.4:18-1, that they and/or their legal representatives be

permitted entry to the premises of the defendant within forty-five (45) days from the service of this Complaint for the purpose of inspecting and/or photographing the area where this incident complained of occurred.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that, pursuant to R.4:18-4, Joseph M. Marabondo is hereby designated as trial counsel in the above captioned matter for the firm of Eichen Crutchlow Zaslow, LLP, attorneys for the plaintiff.

**EICHEN CRUTCHLOW ZASLOW LLP**
Attorney for Plaintiff(s),

Date: July 21, 2021

By: /s/ Joseph M. Marabondo
Joseph M. Marabondo, Esq.

# Civil Case Information Statement

### Case Details: HUDSON | Civil Part Docket# L-002886-21

**Case Caption:** GARCIA-RIASCOS DIANA VS WALMART INC.
**Case Initiation Date:** 07/21/2021
**Attorney Name:** JOSEPH M MARABONDO
**Firm Name:** EICHEN CRUTCHLOW ZASLOW, LLP
**Address:** 40 ETHEL RD
EDISON NJ 08817
**Phone:** 7327770100
**Name of Party:** PLAINTIFF : Garcia-Riascos, Diana, C
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Diana C Garcia-Riascos?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/21/2021
Dated

/s/ JOSEPH M MARABONDO
Signed